IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:25-MJ-417 |
| | § | JUDGE HAWTHORNE |
| SCOTT BERNARD GANN | § | **FILED UNDER SEAL** |

## GOVERNMENT'S SECOND MOTION TO EXTEND INDICTMENT DEADLINE

The United States of America respectfully requests that this Court extend the indictment deadline imposed by 18 U.S.C. § 3161(b). This motion is unopposed.

On December 25, 2025, the defendant, Scott Gann, was arrested pursuant to a warrant issued in connection with a federal criminal complaint. He was charged with a violation of 18 U.S.C. § 115; influencing, impeding, or retaliating against a federal official by threatening to kill. Gann's initial appearance occurred on January 6, 2026. His detention hearing occurred on Wednesday, January 14, 2026, at which time he was detained by the Court. The Federal Public Defender has been appointed to represent Gann. On January 16, 2026, the government filed a motion to extend the indictment deadline until March 24, 2026 (Doc.15), due to the expectation that Gann's counsel intended to file a motion for competency evaluation. On that same day, Gann's counsel filed a motion for psychiatric examination and competency evaluation. Doc.16. The Court subsequently granted the government's motion to extend the time to file an indictment until March 24, 2026. Doc.18. However, that deadline was tolled by the

pendency of Gann's psychiatric evaluation. *See* 18 U.S.C. § 3161(h)(1)(A). On Harch 9, 2026, after Gann was transported to a Bureau of Prisons facility for the examination and evaluation, he retained new counsel who substituted for the Federal Public Defender. Doc.23. The undersigned has been in regular communication with new counsel.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, includes a thirty-day arrest-to-indictment rule. Specifically, Section 3161(b) provides the following:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

In this case, the defendant was arrested on December 25, 2025. The 30-day January 24, 2026, deadline was tolled by two events: (1) by the entry of the Court's order granting the government's unopposed motion to extend the deadline to March 24, 2026 (Doc.18); and (2) by the pendency of Gann's psychiatric evaluation pursuant to 18 U.S.C. § 3161(h)(1)(A).

Gann was returned to our district on April 2, 2026, after the completion of his competency evaluation. The report of the competency evaluation was transmitted to the parties on April 21, 2026. The parties expect the Court to conduct a hearing and likely accept and adopt the competency evaluation report. This event would end the tolling of the government's 30-day deadline to file an indictment. Because Gann's motion for competency evaluation was filed on January 16, 2026, just eight days before the expiration of the 30-day deadline, the government has only eight days to resolve the matter or bring it before a grand jury for indictment. Conversations with Gann's counsel

have been amicable and productive, and the parties expect to resolve the matter by agreement that likely will include a plea to an information. Gann's counsel has informed the undersigned that they will require time to review the discovery with Gann, who was unavailable until now to do so because he was in a BOP facility in California for the examination and evaluation. Counsel will also need to discuss Gann's options and hopefully negotiate a plea agreement. All of this will require significantly more than eight days to complete.

Accordingly, the United States requests that this Court extend the deadline to bring the case before a grand jury for indictment imposed by 18 U.S.C. § 3161(b) until July 24, 2026.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ D, Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney
Texas Bar No. 24046307
110 N. College, Ste. 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Ryan.Locker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served electronically by the Court's CM/ECF system or by email.

*/s/ D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that I have consulted with counsel for the defendant, and they agree with its filing and requested relief.

*/s/ D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney